| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**COURT PREPARED ORDER–NOT FOR PUBLICATION**<br><br>☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**AUG 26 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bakchell   DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PETER BOLGAR,<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-13107-RK<br>CHAPTER: 7<br><br>**ORDER   ☐ GRANTING   ☒ DENYING**<br>**MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>**NOT FOR PUBLICATION**<br><br>☒ No hearing held<br>☐ Hearing held<br>Date: August 30, 2016 (Hearing vacated by court)<br>Time: 2:30 p.m.<br>Courtroom: 1675<br>Place: 255 East Temple Street, Los Angeles, CA 90012 |

**Creditor Holding Lien to be Avoided** (*name*)*:* Glen Donald Apartments and Hatton, Petrie & Stackler APC

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt. The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☐ Notice of this Motion complied with LBR 9013-1(o).
   a. ☐ There was no opposition and request for hearing.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                      Page 1                          **F 4003-2.1.AVOID.LIEN.RP.ORDER**

    b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:

    a. Street address (*specify*): 2121 James M. Wood Blvd., Apt. 324, Los Angeles, CA 90006

    b. Legal description (*specify*):    ☒ See attached page

4. Recording information regarding lien to be avoided:

    a. Date of recordation of lien (*specify*): 9/11/2014 and 10/09/2014.

    b. Recorder's instrument number or map/book/page number (*specify*): 20140962861 and 20141069395.

5. ☐ **Motion granted:**

    a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)

    b. ☐ The judicial lien is void and unenforceable:

        (1) ☐ In its entirety

        (2) ☐ In the following amount *only*: $ _____.  The balance of $ _____ remains a valid and enforceable lien against the property.

6. ☒ **The court having reviewed the moving papers determines that oral argument at the noticed hearing on the Motion is unnecessary and dispenses with oral argument, takes the Motion under submission, vacates the August 30, 2016 hearing on the Motion, and rules as follows:**

    Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

    a. ☐ Insufficient notice

    b. ☐ Insufficient evidence of the exempt status of the property in question

    c. ☒ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

        a. **Movant only served Stuart A. Katz, state court counsel who represented Glen Donald Apartments and Hatton, Petrie & Stackler APC in the state court actions which gave rise to their judicial liens, with the notice and motion and not Glen Donald Apartments and Hatton, Petrie & Stackler APC, whose liens are to be avoided.  Service on state court counsel, Stuart A. Katz, is not sufficient under Federal Rule of Bankruptcy Procedure 7004(b)(3) because Movant has not shown in its papers that Stuart A. Katz is authorized either explicitly or implicitly to receive service of process on behalf of Glen Donald Apartments and Hatton, Petrie & Stackler APC respectively.  *See In re Villar*, 317 B.R. 88, 92-94 (9th Cir. B.A.P. 2004) (holding that service on counsel who represented the lienholder whose lien is to be avoided in the state court action which gave rise to its lien does not satisfy the service requirement under Federal Rule of Bankruptcy Procedure 7004(b)(3) without a showing that counsel is either explicitly or implicitly appointed by that lienholder to receive service of process on its behalf in the bankruptcy case).  Movant must comply with Federal Rule of Bankruptcy Procedure 7004(b)(3) by properly serving the notice and motion by mail on either "an officer, a managing or general agent, or [ ] any other agent authorized by appointment or by law to receive service of process" on behalf of Glen Donald Apartments and Hatton, Petrie & Stackler APC.**

    d. ☐ Insufficient evidence of fair market value.

    e. ☐ Motion is incomplete.

    f. ☒ Other (*specify*):

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 2    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

      a. **By this Motion, Movant seeks to avoid two judgment liens of Glen Donald Apartments and Hatton, Petrie & Stackler APC against the Property. However, Local Bankruptcy Rule 4003-2(b)(1) provides that "[a] separate notice and motion must be filed for each lien sought to be avoided." Thus, Movant must file a separate notice and motion for each lien of Glen Donald Apartments and Hatton, Petrie & Stackler APC respectively.**

7. ☒ The court further orders as follows (*specify*):

      a. **No appearances are required at the August 30, 2016 hearing; and**

      b. **Movant is granted leave to file and serve an amended motion as to each lienholder whose lien is to be avoided, which corrects the deficiencies identified in this Order within 60 days of entry of this Order.**

☐ See attached page

###

Date: August 26, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 3    F 4003-2.1.AVOID.LIEN.RP.ORDER

## PARCEL ONE

An undivided ona-.ninety-fourth (1/94) interest as a tenant In common in the Common Area as defined in the Condominium Plan for the project recorded December 15, 2006 as Instrument No. 2006 2797214, of Official Records of said County, California ("Condominium Plan") as to:

LOTS 12, 13 AND 14 IN BLOCK D, LAKE SHORE TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 13 PAGE 29, MISCELLANEOUS RECORDS OF SAID COUNTY.

PARCEL TWO

Unit No. 324, consisting of certain air space and elements as described in the Condominium Plan mentioned above.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*　　　　　　　　　　　　Page 4　　　　　　　　　　　　**F 4003-2.1.AVOID.LIEN.RP.ORDER**