FILED & ENTERED

MAR 03 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum        DEPUTY CLERK

**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PETER BOLGAR**.**<br><br>             Debtor. | Case No. 2:16-bk-13107-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION ON**<br>**DEBTOR'S REQUEST FOR REHEARING** |

Pending before the court is the request of Debtor Peter Bolgar ("Debtor") for rehearing, Electronic Case Filing Number ("ECF") 40, filed on December 22, 2016. The court construes Debtor's request for rehearing as a motion for reconsideration of the court's order granting the stipulation re: Debtor's motion to avoid lien under 11 U.S.C. §522(f), ECF 38, filed and entered on December 14, 2016, because the order granting the stipulation re: Debtor's motion to avoid lien involved Debtor and Glen Donald Apartments as the stipulating parties and Debtor's request for rehearing pertains to Glen Donald Apartments and such order was entered on

December 14, 2016 shortly before Debtor filed his request for rehearing on December 22, 2016.

A hearing on Debtor's request for rehearing, or motion for reconsideration, was conducted on February 21, 2017. Debtor represented himself at the hearing on February 21, 2017, and Stuart A. Katz, of the Law Offices of Stuart A. Katz, P.C., represented Glen Donald Apartments.

The court's order granting the stipulation re: Debtor's motion to avoid lien under 11 U.S.C. §522(f), ECF 38, filed and entered on December 14, 2016, was a final order or judgment because it resolved the motion to avoid lien on his real property in approving a settlement between Debtor and Glen Donald Apartments compromising the judgment lien of Glen Donald Apartments in the amount of at least $71,934.65 for the amount of $20,000.00. Notice of Motion and Motion to Avoid Lien under 11 U.S.C. § 522(f)(Real Property), ECF 17, filed on August 16, 2016, at 2 (Debtor asserts judgment lien amount was $71,934.65); Opposition of Glen Donald Apartments to Debtor's Motion to Avoid Lien under 11 U.S.C. § 522(f), ECF 30, filed on September 20, 2016, at 1 (Glen Donald Apartments assert judgment lien amount, including accrued interest, was $98,641.70). Eight days later, on December 22, 2016, Debtor filed his request for rehearing or motion for reconsideration.

Debtor's motion for reconsideration seeks reconsideration of a final order or judgment and must be based on Federal Rule of Civil Procedure 59(e) as a motion to alter or amend judgment or on Federal Rule of Civil Procedure 60(b) as a motion for relief from judgment, which rules are applicable to this bankruptcy case under Federal Rules of Bankruptcy Procedure 9023 and 9024. *See* 3 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶12:159 at 12-68 (2016), *citing*, *School District No. 1J, Multnomah County, Oregon v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Debtor's request for rehearing is timely as a

motion under both Federal Rule of Bankruptcy Procedure 9023 (motion must be filed no later than 14 days after entry of judgment) and Federal Rule of Bankruptcy Procedure 9024 (motion must be filed within a reasonable time, and generally no more than a year after entry of judgment).

A motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must be based on new evidence or judicial error." 3 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶¶12:159.2 and 160 at 12-68 – 12-69, *citing inter alia, Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Reconsideration under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly," and absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the [trial] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."   3 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, ¶12:158 at 12-67, *quoting, Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Similarly, Local Bankruptcy Rule 9013-4 applies to contested matters, and the grounds for a new trial or hearing, or reconsideration of an order, under this rule include errors of law at trial, insufficiency of evidence or newly discovered evidence.

Debtor has not shown that reconsideration of the court's order under Federal Rule of Civil Procedure 59(e) is appropriate here since there is no demonstration by him that the court committed any error of law, that Debtor as the movant is presenting newly discovered evidence or that there is an intervening change in the controlling law.  Debtor argues that this court should order Glen Donald Apartments to pay him back an overcharge of $262,000 to rectify "judiciary misconduct and ruling of LACSC", i.e., the Los Angeles County Superior Court, which entered a judgment in favor of Glen Donald Apartments and against Debtor, and to "Override

App. Cr. Ruling," i.e., the Second District Court of Appeal, which affirmed the Superior Court's judgment.  ECF 40 at 1-3.  In its order, this court approved the stipulation for settlement as fair and reasonable because it was signed by Debtor and his then counsel and reduced his liability for the state court judgment from at least $71,934.65 to $20,000.00.  Debtor's argument for rehearing or reconsideration does not show that the court committed any error of law in approving the stipulation for settlement between Debtor and Glen Donald Apartments, which substantially reduced the judgment debt owed by Debtor and attached to his real property and was signed by both Debtor and his then counsel, Giovanni Orantes, of the Orantes Law Firm, P.C., ECF 36, filed on December 7, 2016.  Specifically, Debtor has not shown that the state court judgment against him, which was affirmed on appeal, is not a final and valid judgment binding on him.  Debtor's argument in his request for rehearing is not based on newly discovered evidence since Debtor has certainly known about the Superior Court judgment entered on June 25, 2012 as indicated in his original motion to avoid lien, ECF 17, filed on August 9, 2016, seeking to avoid that judgment.   Moreover, Debtor makes no argument that there has been any change in the controlling law.

If the moving party can show "mistake, inadvertence, surprise or excusable neglect, the court may set aside a judgment or final order."  3 Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶12:158 at 12-68 – 12-69, *citing inter alia*, Federal Rule of Civil Procedure 60(b).  None of the circumstances here indicate mistake, inadvertence, surprise or excusable neglect to warrant relief from judgment.  Here, Debtor with the assistance of counsel signed the stipulation settling the dispute between him and Glen Donald Apartments regarding its judgment lien on his real property, which substantially reduced the amount of the lien, which stipulation was approved by the court as fair and reasonable, which order Debtor now seeks rehearing or reconsideration.  Debtor's

1  signature of the stipulation and the signature of his then counsel advising him

2  indicates that the order approving the stipulation was no mistake or the product of

3  inadvertence or surprise, and there is no excusable neglect here as Debtor's

4  assent to the stipulation approved by the order of the court was a conscious and

5  deliberate act contraindicating mistake, inadvertence, surprise or excusable

6  neglect.  That Debtor still thinks the state court judgment affirmed on appeal and

7  appears to be final and binding on him was erroneous is not grounds to set aside

8  this court's order approving his settlement of the state court judgment against him

9  on quite favorable terms.  This is because the final judgment of the state court is

10  entitled to full faith and credit in this court as a federal court pursuant to 28 U.S.C.

11  § 1738, and this court cannot simply ignore or invalidate the state court judgment at

12  Debtor's request.  *See also, Reusser v. Wachovia Bank, N.A.,* 525 F.3d 855, 858-

13  859 (9th Cir. 2008) (under the *Rooker-Feldman* doctrine, federal courts are

14  prohibited from exercising appellate review over final court judgments), *citing inter*

15  *alia, D.C. Court of Appeals v. Feldman,* 460 U.S. 562, 482-486 (1983) and *Rooker*

16  *v. Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923).

17       Accordingly, for the foregoing reasons, the court denies Debtor's motion for

18  reconsideration styled as a request for rehearing.  A separate order is being filed

19  concurrently herewith.

20       **IT IS SO ORDERED**.

21                                    ###

22

23
Date: March 3, 2017
24                    _____
                     Robert Kwan
25                   United States Bankruptcy Judge

26

27

28